UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AMY HENNING,

          Plaintiff,

    v.                                     Case No. 24-CV-565

D. KOBY, INC., and
MARK CORBIN,

          Defendants.

## DECISION AND ORDER

Amy Henning brought this action against D. Koby, Inc. and Mark Corbin for violating the Fair Labor Standards Act and Wisconsin's Wage Payment and Collection Laws. (ECF No. 16.) Henning worked at a Little Ceasars pizzeria owned by D. Koby, Inc., which is in turn owned by Mark Corbin. (ECF No. 17 at 2.) Henning alleges her actual hours worked were not properly tracked or recorded and she frequently worked in excess of forty hours per week. (ECF No. 16 at 5.) Henning further alleges defendants were aware she worked in excess of what she was being compensated for. (ECF No. 16 at 6.) Henning seeks back pay, liquidated damages, and attorney's fees. (ECF No. 16 at 11-12.)

D. Koby, Inc. brought a counterclaim against Henning for conversion, alleging Henning removed cash from the Little Ceasars' cash registers for personal use. (ECF

No. 17 at 22-23). Henning now moves to dismiss the counterclaim for lack of subject matter jurisdiction. (ECF No. 18.)

I. **Legal Standard**

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction in defense against a claim. A motion to dismiss under Rule 12(b)(1) tests the jurisdictional sufficiency of the claim, accepting as true all well-pleaded factual allegations and drawing reasonable inferences in favor of the claimant. *Bultasa Buddhist Temple of Chi. v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017). The party asserting jurisdiction bears the burden of establishing that jurisdiction is satisfied. *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009). The court must dismiss the action if it determines it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Koby seeks to bring a counterclaim governed by Wisconsin law. *See* Wis. Stat. § 895.446(1); *H.A. Friend & Co. v. Pro. Stationery, Inc.*, 2006 WI App 141, ¶ 11. When federal question and diversity jurisdiction are unavailable, district courts may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). To form part of the same case or controversy, the state law claim must share a "common nucleus of operative facts" with the claims over which the court has independent jurisdiction. *Olson v. Bemis Co., Inc.*, 800 F.3d 296, 302 (7th Cir. 2015). The "power [to adjudicate state law claims] need not be exercised in every case in

which it is found to exist. [Rather] [i]t has consistently been recognized that pendent [now supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

## II. Analysis

Both parties agree that the court lacks supplemental jurisdiction over Koby's conversion counterclaim under 28 U.S.C. § 1367. The question, then, is whether the counterclaim is compulsory under Fed. R. Civ. P. 13(a). If it is not compulsory the counterclaim must be dismissed. Even if it is compulsory, the court may decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c).

### a. Rule 13(a)

Koby argues that jurisdiction exists because the conversion claim is compulsory under Fed. R. Civ. P. 13(a). Indeed, Koby does not need an independent basis of federal jurisdiction if the counterclaim is compulsory. *Unique Concepts, Inc. v. Manuel*, 930 F.2d 573, 574 (7th Cir. 1991) ("A federal court has supplemental jurisdiction over compulsory counterclaims. Permissive counterclaims, however, require their own jurisdictional basis."). A counterclaim is compulsory and must be asserted against the opposing party if the claim: "(A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. Pro. 13(a).

Whether a claim arises out of the same transaction or occurrence hinges on whether the defendant's counterclaim is "logically related" to the plaintiff's claims.

*See Colonial Penn Life Ins. Co. v. Hallmark Ins. Adm'rs, Inc.,* 31 F.3d 445, 448 (7th Cir.1994). "There is no formalistic test to determine whether the claims are logically related. A court should consider: the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds." *In re Price*, 42 F.3d 1068, 1073 (7th Cir. 1994) (quoting *Burlington N. R.R. v. Strong,* 907 F.2d 707, 711-12 (7th Cir.1990) (internal quotations omitted)). When two claims are related, but based on different legal theories and factual issues, the relationship doesn't satisfy Rule 13. *See Burlington Northern,* 907 F.2d at 712; *Simon v. Nw. Univ.*, No. 15-CV-1433, 2017 WL 25173, at *3 (N.D. Ill. Jan. 3, 2017) ("Even if two claims are "technically related," the relationship between the claims may be insufficient to satisfy Rule 13(a) if the two claims are based on different theories and would raise different legal and factual issues.").

Here, all claims arise from the common origin of Henning's employment by Koby. But even though they stem from the employment relationship, the claims are not rooted in the same set of operative facts. *Reyes v. ML Enters.*, No. 21-C-0437, 2021 WL 2226108, at *3 (E.D. Wis. June 2, 2021) ("But once again, this only shows that the claims have a common origin. There is no overlap of *legally pertinent* facts or legal principles."). Koby's conversion counterclaim presents distinct legal issues and necessitates the consideration of a different body of evidence. *Reyes*, No. 21-C-0437 at *2 ("Moreover, the plaintiff's liability for negligence and theft will not in any way turn on the facts relevant to whether the defendants paid the plaintiff the wages to which he was entitled under the FLSA."); *Escobedo v. Oswego Junction Enters. LLC*, No. 17-

CV-0682, 2017 WL 3130643, at *3 (N.D. Ill. July 24, 2017) ("The Court does not believe that there is an overlap of operative facts, or even a loose factual connection between Plaintiffs' claims for failure to pay overtime, and [Defendant's] counterclaim for conversion."); *Sneed v. Wireless PCS Ohio #1, LLC*, No. 1:16CV1875, 2017 WL 879591, at *3 (N.D. Ohio Mar. 6, 2017) ("And none of the evidence that would be needed to prove the [conversion counterclaim] would be necessary to prove or defend the FLSA claim.").

Whether Henning stole money for personal use requires an analysis separate from whether the defendants paid her for all hours worked as required by law. Henning's claims will involve the relatively discrete issues of hours worked and wages paid. *See Brant v. Schneider Nat'l, Inc.*, 43 F.4th 656, 664 (7th Cir. 2022) (explaining that a party making a FLSA claim under the minimum wage provision "must allege facts giving rise to a plausible inference that [s]he was an employee within the meaning of the Act and that [s]he was underpaid for at least one workweek.") Koby's counterclaim, in contrast, will require introducing evidence that Henning took Koby's property without consent resulting in serious interference of its rights to possession. *See First Weber Grp., Inc. v. Horsfall,* 738 F.3d 767, 773 (7th Cir. 2013) (citing *H.A. Friend & Co. v. Pro. Stationery, Inc.,* 2006 WI App 141, ¶ 11).

In considering "the legal basis for recovery" and "the respective factual backgrounds," *In re Price*, 42 F.3d at 1073, Koby's conversion counterclaim is not logically related to Henning's compensation claims. The common origin of employment is not enough to overcome the otherwise different legal theories and
5

factual discrepancies. *See Simon v. Nw. Univ.*, No. 15-CV-1433, 2017 WL 25173, at *4 (N.D. Ill. Jan. 3, 2017) ("Although the two claims may share certain common elements in their backstories and there are certain facts that necessarily overlap between the two claims… that is not sufficient to fulfill the Seventh Circuit's logical relationship test for Rule 13(a).").

Nor is the court convinced by Koby's argument that Wisconsin's compulsory counterclaim exception is implicated here. "Wisconsin defines compulsory counterclaims very narrowly; failure to plead a counterclaim bars suit only if the relationship between the counterclaim and the plaintiff's claim is such that successful prosecution of the second action would nullify the initial judgment or would impair rights established in the initial action." *McKnight v. Dean*, 270 F.3d 513, 519 (7th Cir. 2001) (internal quotations omitted). In its briefing, Koby argues that pursuing a separate conversion claim "would impair Henning's rights" because money could later be deducted from the amount of wages allegedly owed to her in this action. (ECF No. 20 at 8.) And at a hearing held on November 18, 2025, Koby proposed an argument not previously developed in its response brief: obtaining a favorable judgment on the conversion claim in state court, prior to the conclusion of this case, could complicate and perhaps moot any possible judgment here.

But declining to exercise supplemental jurisdiction now will not render a judgment in Henning's favor "meaningless" in a separate action. *See Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 999-1000 (7th Cir. 2000) (citing *A.B.C.G. Enters., Inc. v. First Bank Southeast, N.A.*, 184 Wis. 2d 465, 515 N.W.2d 904, 908

6

Case 1:24-cv-00565-BBC   Filed 11/20/25   Page 6 of 10   Document 24

(1994)). An offset is not the same as nullifying a judgment. *McKnight,* 270 F.3d at 519 ("[Wisconsin's compulsory counterclaim exception] was not satisfied here, because [Plaintiff's] claim for fees could have survived a finding that he was guilty of malpractice if the value of his services exceeded the loss that his malpractice imposed."). And Koby proffers no additional explanation in its briefing for why the conversion claim is inextricably linked to the FLSA claims in a way that would invalidate a judgment here. If the mere possibility of a future monetary offset were enough to render a claim compulsory, Rule 13(a) would swallow the rule: virtually every counterclaim seeking money damages would qualify.

The underlying issues here are distinguishable from examples where the compulsory counterclaim exception applies. Wisconsin's controlling cases involve separate actions that arose from the same transaction, and the rationales were rooted in concerns of res judicata and claim preclusion. *See A.B.C.G. Enters., Inc. v. First Bank Southeast, N.A.*, 184 Wis. 2d 465, 515 N.W.2d 904 (1994); *Menard, Inc. v. Liteway Lighting Prods.*, 2005 WI 98, 282 Wis. 2d 582, 698 N.W.2d 738. Koby's conversion counterclaim, conversely, does not stem from the same transaction as Henning's claims. *See, e.g., Kelso v. Complete Home Renovations, Inc.*, No. 216CV00430LJMMJD, 2017 WL 495789, at *2 (S.D. Ind. Feb. 7, 2017) ("[Plaintiff's] wage payment claims and [Defendant's] conversion claim do not share any common elements, and [Defendant's] conversion claim could be litigated without discussing any of the key facts associated with [Plaintiff's] claims."). Consequently, Koby could prevail in a state court action without nullifying a judgment in Henning's favor here.

*See Wickenhauser v. Lehtinen,* 2007 WI 82, 302 Wis. 2d 41, 734 N.W.2d 855 (finding that a second action was not barred by the compulsory counterclaim rule because plaintiffs were not attacking previously determined factual findings or legal conclusions).

Koby's argument, while a creative spin on the *McKnight* decision, is incomplete. Discovery has been open since September of 2024. Yet the parties have not put forth any information obtained through discovery as to the potential value of Henning's claim, nor of the value of any separate judgment Koby may secure that would offset or nullify a judgment in this case. And the risk Koby posits is a function of litigation timing, not claim preclusion. Wisconsin's compulsory-counterclaim doctrine addresses situations where the second action would necessarily undo the first because both arise from the same transaction. Here, the claims arise from different transactions and the fact that money may exchange hands among parties on unrelated claims does not trigger the exception.

### b. Discretion to decline under 28 U.S.C. § 1367(c)

Even if the claims were logically related, the court would decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(2). The court may decline to exercise supplemental jurisdiction over a counterclaim when it "substantially predominates over the [claims] over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). Koby's counterclaim, resting on an entirely different set of facts and legal issues, has the potential to predominate the FLSA claim and delay its resolution. This would be contrary to the FLSA's purpose. *See, e.g., Donovan v.*

*Pointon,* 717 F.2d 1320, 1323 (10th Cir.1983) (allowing employer's counterclaim to proceed would delay and subvert the enforcement of a public right). The court is further persuaded by reasoning highlighted in Henning's reply brief (ECF No. 21 at 5-6):

> "Even if the employment nexus is sufficient to confer jurisdiction, the court concludes that there are compelling reasons to decline supplemental jurisdiction under §1367(c)(4) in this FLSA case. Federal FLSA policy presents a compelling reason for the court to refuse to exercise supplemental jurisdiction over Defendants' counterclaims. As noted by the Fifth Circuit, '[t]he only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act.' "

*Poehler v. Fenwick,* No. 2:15-CV-01161 JWS, 2015 WL 7299804, at *2 (D. Ariz. Nov. 19, 2015) (quoting *Brennan v. Heard,* 491 F.2d 1, 4 (5th Cir. 1974) *rev'd on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988)).

In addition, trying the conversion counterclaim alongside the FLSA claims would create substantial risk of unfair prejudice and jury confusion. The counterclaim accuses Henning of theft. (ECF No. 17 at 24.) This is a serious allegation with criminal overtones. The FLSA claims should turn solely on time records and payroll practices. Allowing the counterclaim to proceed here would require introducing evidence of alleged cash shortages, deposit discrepancies, and surveillance footage. This would create untenable evidentiary and fairness concerns. *See* Fed. R. Evid. 403; *Manuel v. City of Chicago*, 335 F.3d 592, 597 (7th Cir. 2003) (affirming the district court's exclusion of evidence where the evidence would result in "mini-trials" and the

slight probative value did not outweigh the risk of unfair prejudice, confusion to the jury, and delay).

### III. Conclusion

Because Koby's counterclaim is not compulsory under Rule 13(a), and the counterclaim otherwise has no independent basis for jurisdiction, it must be dismissed.

**IT IS THEREFORE ORDERED** that Amy Henning's Motion to Dismiss Defendant's Counterclaim for Lack of Subject Matter Jurisdiction (ECF No. 18) is **GRANTED**. The counterclaim is **DISMISSED** without prejudice.

Dated at Green Bay, Wisconsin this 20th day of November, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
